IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAY SETH MICHAELS,
    Plaintiff,

vs.                                        Case No. 3:10cv2/MCR/MD

SAMANTHA A. SATISH, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk.  Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended complaint under the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. § 1691, *et seq*. (Doc. 7).  The initial partial filing fee has been paid.  (Docs. 6, 8).  Upon review of the amended complaint, the court concludes that this case should be transferred to the United States District Court for the Southern District of Florida based on venue considerations.

At the time plaintiff initiated this action, he was an inmate of the Florida penal system confined at Century Correctional Institution in Century, Florida.  (Doc. 1, p. 1).  He has since been released and is presently confined at Otis Bantum Correctional Center in East Elmhurst, New York.  (Doc. 8).  His amended complaint names three defendants:  Samantha A. Satish, a resident of Tampa, Florida; Florida Default Law Group, a resident of Tampa, Florida; and Wells Fargo Bank, N. A., located in Des Moines, Iowa.  (*Id*., pp 1-2).  Plaintiff claims Wells Fargo hired the Florida Default Law Group and Ms. Satish to initiate a foreclosure action in the Broward County Circuit Court to enforce Wells Fargo's security interest in property

located in Broward County, Florida. Plaintiff claims this violated the FDCPA, because the defendants are aware that although plaintiff signed the mortgage, he did not sign the promissory note. Plaintiff further claims the defendants harassed his wife in an effort to collect payments on the note. As relief, plaintiff seeks monetary damages.

Venue for this action is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*Id.* Furthermore, 28 U.S.C. § 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F.Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); *Empire Gas Corp. v. True Value Gas of Florida, Inc.*, 702 F. Supp. 783, 784 (W.D. Mo. 1989); *accord Roofing & Sheeting*, 689 F.2d at 991 n.14.

In the instant case, plaintiff does not allege that any of the defendants reside in this district. Furthermore, the acts or occurrences forming the basis of the complaint (the initiation of the foreclosure action) occurred in Broward County, Florida, which is located in the Southern District. Thus, attendance of witnesses and availability of sources of proof favor a transfer there. Moreover, this community

appears to have no relation to the litigation at issue.  Neither the private interests of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in this district.[1]  Therefore, in the interest of justice, this action should be transferred to the Southern District.

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be TRANSFERRED to the United States District Court for the Southern District of Florida.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida, this 1st day of March, 2010.


/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[1] Although the plaintiff's choice of forum is ordinarily given consideration, *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955), "where the operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff, the choice of forum is entitled to less consideration." *Windmere Corp. v. Remington Products, Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985).

Case No: 3:10cv2/MCR/MD