UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-21034-CV-LENARD/Turnoff

JAY S. MICHAELS,

    Plaintiff,

v.

SAMANTHA A. SATISH,
FLORIDA DEFAULT LAW
GROUP, P.L., and
WELLS FARGO BANK, N.A.,

    Defendants.
_____/

### REPORT AND RECOMMENDATION ON DEFENDANTS FLORIDA DEFAULT LAW GROUP, P.L., AND SAMANTHA A. SATISH'S MOTION TO DISMISS AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendants Florida Default Law Group, P.L., and Samantha Satish's Motion to Dismiss Amended Complaint. (ECF No. 36). This matter was referred to the undersigned by the Honorable Joan A. Lenard, United States District Judge for the Southern District of Florida. (ECF No. 43). The Court has considered the Motion, the Response (ECF No. 42), the record, the applicable law, and is otherwise duly advised in the premises. For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion to Dismiss be **GRANTED**.

#### Background

The operative pleading is the Amended Complaint brought by *pro se* Plaintiff Jay S. Michaels against Defendants Florida Default Law Group, P.L. ("FDLG"), Samantha Satish, and Wells Fargo Bank, N.A. (ECF No. 7).

According to the Amended Complaint, on a date unknown, a promissory note was executed by Mark C. Shannon, deceased, in connection with a mortgage on real property located in Broward County, FL. The promissory note was executed by Mark C. Shannon only. Plaintiff executed the mortgage so that he could appear on the deed as a co-owner, but was not responsible for the note.[1] Indeed, upon Shannon's death, title to the property vested solely in Plaintiff.

Defendant Wells Fargo retained Defendant FDLG to initiate a foreclosure action against Plaintiff. On February 17, 2009, Defendant FDLG sent a letter addressed to "Borrower" seeking the balance owed on the mortgage from the "Estate of Shannon." The foreclosure action was filed in state court on February 19, 2009. On March 9, 2009, Plaintiff was served with the foreclosure complaint. At some point, Plaintiff's wife was also served with the state court complaint.

Plaintiff alleged that, on November 9, 2009, he sent a letter to FDLG advising that the debt was disputed and requesting validation by way of the promissory note. On November 23, 2009, FDLG responded via letter providing information on the amount owed and referring Plaintiff to the foreclosure complaint for further information. On November 30, 2009, Plaintiff again requested a copy of the promissory note. On December 23, 2009, Plaintiff received a copy of the promissory note endorsed only by Mark C. Shannon.

Plaintiff further alleged that, after being served with the foreclosure action, Defendants continued to telephone his wife in an effort to collect on the note, as well as threaten her with wage garnishment, and contacted her at her place of employment.

Plaintiff then filed the instant suit against Defendants alleging that Defendants had knowingly

---

[1] In support, Plaintiff referenced Section 13 of the mortgage, which was not attached to the Amended Complaint. Section 13 provided that he would not be personally liable to pay the sums secured by the note.

violated Plaintiff's rights pursuant to "U.S.C. 1692," by attempting to collect a debt he did not owe. The Court presumes that Plaintiff is alleging violations of The Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Plaintiff further alleged that the foreclosure action caused him to lose his interest in the property and caused he and his wife "extreme mental and emotional harm," and caused him complications of his diabetes. Plaintiff sought to recover actual, compensatory and punitive damages, as well as fees and costs pursuant to the FDCPA.[2]

## Motion to Dismiss

Defendants seek to dismiss the Amended Complaint contending that Plaintiff failed to state a cause of action under the FDCPA based upon the prosecution of the foreclosure action, and that Plaintiff failed to allege any act violative of the FDCPA. Further, Defendants argued that Plaintiff was not entitled to punitive damages under the FDCPA.

## Motion to Dismiss Standard

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that a plaintiff can prove no set of facts that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957), overruled on other grounds; Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998). In ruling on a motion to dismiss, the court is required to view the complaint in the light most favorable to the plaintiff. Beck v. Deloitte & Touche, 144 F.3d 732, 735 (11th Cir. 1998). The Court is also limited to examining the four corners of the complaint. Rickman v. Precisionaire, Inc., 902 F.Supp. 232, 233 (M.D. Fla. 1995).

In this case, Plaintiff is proceeding *pro se*. A complaint submitted by a *pro se* plaintiff should be held to a less stringent standard than that submitted by an attorney, and should be construed as

---

[2] As Defendant correctly noted, actual and compensatory damages are synonymous terms.

alleging all fairly and reasonably inferred claims. See, Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173 (1980) (holding that a *pro se* plaintiff should not be held "to strict accountability of compliance with the rules of procedure"). However, even a *pro se* litigant must allege the essential elements of a claim for relief, and vague and conclusory allegations are insufficient to state a claim. Richards v. Harder, 864 F.2d 85, 88 (9th Cir. 1988); Hales v. City of Montgomery, 347 F.Supp.2d 1167, 1171 (M.D.Ala. 2004); Harsman v. Hood, No. 5:04cv480-Oc-10GRJ, 2005 WL 1228794, at *3 (M.D. Fla. May 24, 2005) (finding that *pro se* plaintiffs are expected to at least abide by the minimal pleading standards set forth by Fed. R. Civ. P. 8(a)). Courts have consistently refused to supply essential elements of a claim for a *pro se* plaintiff if these facts are not initially pleaded in the complaint. See, Harris v. Evans, 20 F.3d 1118 (11th Cir. 1994) (refusing to supply allegations necessary to establish standing for *pro se* plaintiff); Soffer v. City of Costa Mesa, 798 F.2d 361, 363 (9th Cir. 1986) (dismissing because *pro se* plaintiff did not allege constitutional defects in 42 U.S.C. § 1983 suit and court would not supply essential allegations).

## FDCPA

The FDCPA, 15 U.S.C. § 1692, *et seq.*, was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e. Specifically, "[t]he FDCPA prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and the making of any false, misleading, or deceptive statements in connection with a debt, and it requires that collectors make certain disclosures." Acosta v. Campbell, 309 Fed. App'x 315, 319 (11th Cir. 2009) (citing 15 U.S.C. §§ 1692d, 1692e, 1692f). The FDCPA defines "debt

collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

However, "[u]nder the FDCPA, consumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered 'debt collectors,' as long as the debt was not in default at the time it was assigned." Reese v. JP Morgan Chase & Co., 686 F.Supp.2d 1291, 1308 (S.D. Fla. 2009) (dismissing the FDCPA claim with prejudice where the complaint indicated that the defendants were creditors and mortgage servicers and, thus, were specifically excluded under the FDCPA); see also Warren v. Countrywide Home Loans, Inc., 342 Fed. App'x 458, 460 (11th Cir. 2009) (holding that a foreclosure is not a "debt collection activity" for purpose of the FDCPA); Locke v. Wells Fargo Home Mortg., Case No. 10-60286-CV, 2010 WL 4941456, at *2 (S.D. Fla. Nov. 30, 2010) (dismissing FDCPA claim with prejudice and holding that "[s]ince Wells Fargo was the mortgage company servicing the Plaintiff's mortgage, it cannot be liable as a 'debt collector' under section 1692"); Acosta v. Campbell, 2006 WL 3804729, at *4 (M.D. Fla. Dec. 22, 2006) ("[n]early every court that has addressed the question has held that foreclosing on a mortgage is not a debt collection activity for the purposes of the FDCPA").

1. **Whether Plaintiff stated a cause of action under the FDCPA based upon the prosecution of a foreclosure action.**

In order to establish a *prima facie* case for a violation of the FDCPA, a plaintiff must establish that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in

an act or omission prohibited by the FDCPA." Kaplan v. Assetcare, Inc., 88 F.Supp.2d 1355, 1360-61 (S.D. Fla. 2000) (quoting Sibley v. Firstcollect, Inc., 913 F.Supp. 469, 471 (M.D. La. 1995)).

Defendants argued that Plaintiff failed to satisfy the first element in that he failed to allege any collection activity arising from a consumer debt. Plaintiff argued that his being named as a defendant in the foreclosure action and Defendants' activities relating to the prosecution of same constituted a violation of the FDCPA. However, the FDCPA only regulates debt collection activity. 15 U.S.C. §§ 1692a(6); 1692f; See also, Warren, 342 Fed. App'x at 460–61 (holding that enforcing a security interest through the foreclosure process is not debt collection for FDCPA purposes). The prosecution of a mortgage foreclosure action does not constitute "debt collection" within the scope of the FDCPA. Id. Similarly, filing a foreclosure complaint is not actionable under the FDCPA. Vega v. McKay, 351 F.3d 1334, 1337 (11th Cir. 2003) (holding that a legal action does not constitute an "initial communication" under the FDCPA). Moreover, the Eleventh Circuit has noted that an enforcer of a security interest, such as a mortgage company foreclosing on mortgages of real property, falls outside the ambit of the FDCPA, except for the provisions of Section 1692f(6). Warren, 342 Fed. App'x at 460 (citing Chomilo v. Shapiro, et al., No. 06-3103(RHK/AJB), 2007 WL 2695795, at *3-4 (D. Minn. Sept. 12, 2007)). However, section 1692f(6) applies only to threats to take property by non-judicial action, which is not the case here. Accordingly, it is **RECOMMENDED** that this Count be **DISMISSED** with prejudice as against Wells Fargo Bank, N.A.

As to Samantha Satish and FDLG, it is not clear whether they acted as a debt collector. A debt collector under the FDCPA is one whose principal business is the collection of debts or one who regularly collects or attempts to collect, directly or indirectly, another's debts. 15 U.S.C. §

1692(a)(6). Plaintiff pointed to language included in FDLG's correspondence dated November 23, 2009, setting forth that FDLG (and Ms. Satish as an attorney for FDLG) may be deemed a "debt collector" under the FDCPA. However, that letter was sent in response to Plaintiff's inquiry within the context of the foreclosure proceedings. It is unclear when and under what circumstances other correspondence was exchanged between the parties. Moreover, the fact that such language was included does not automatically qualify Defendant as a "debt collector" under the FDCPA. See Diaz v. Florida Default Law Group, P.L., No. 09-cv-524-J-32MCR, 2011 WL 2456049, at *3 (M.D. Fla. Jan. 3, 2011) (finding that the inclusion of FDCPA notice language in a letter does not, by itself, establish that defendant was attempting to collect a debt). As such, it is **RECOMMENDED** that Plaintiff be allowed to amend his complaint in this regard.

2. **Whether Plaintiff alleged any act violative of the FDCPA.**

Defendants further argued that, even if Plaintiff's claims were not barred, Plaintiff still failed to state a cause of action because the Amended Complaint failed to allege facts that would support relief under the FDCPA. As Defendants correctly noted, it is difficult to ascertain exactly what acts Plaintiff complains are violative of the FDCPA and under which section(s) he seeks relief.

Plaintiff referred to the receipt of letters, telephone calls, and a complaint all attempting to collect a debt he did not owe. Traveling under the assumption that Plaintiff is attempting to state a claim under 15 U.S.C. § 1692e, which prohibits false representations in connection with the collection of a debt, these actions cannot form a basis for such a claim, because they are not "communications" under the FDCPA as a matter of law. Pursuant to Eleventh Circuit precedent, communications pertaining to a legal action are not "communications" under the FDCPA. Acosta, 309 Fed. App'x at 320 (holding that "a communication issued from a foreclosing party, or its

counsel, regarding the foreclosure, does not violate 15 U.S.C. § 1692c(b), as such a communication is not subject to the FDCPA"); Vega, 351 F.3d at 1337 (finding that "the term 'communication' as used does not include a "legal action or pleading""). Therefore, the undersigned finds that Plaintiff's FDCPA claim fails as a matter of law.

Furthermore, the allegedly violative actions described in the Amended Complaint were directed against Plaintiff's wife who is not a party to this action. Crenshaw v. Lister, No. 03-CV-134-FTM29SPC, 2005 WL 1027326, at * 6 (M.D. Fla. Mar. 29, 2005) (dismissing a complaint for failure to state a claim upon which relief may be granted where Plaintiff's claimed that Defendant continued to harass his wife at the place of her employment causing her to leave her job because Plaintiff's wife was not a party to the action and plaintiff had not established standing to complain about conduct directed only towards his wife).

In this connection, it appears that Plaintiff attempted to state a clam for intentional infliction of emotional distress. Plaintiff alleged that, as a result of Defendants' actions, both he and his wife suffered mental and emotional harm, and that he suffered physical injury as well by way of complications with his diabetes. To state a claim for intentional infliction of emotional distress, a plaintiff must allege that: "1) the defendant acted recklessly or intentionally; 2) the defendant's conduct was extreme and outrageous; 3) the defendant's conduct caused the plaintiff's emotional distress; and 4) plaintiff's emotional distress was severe." Ward v. Casual Restaurant Concepts, Inc., No. , 2011 WL 2600511, at *4 (M.D. Fla. Jun. 29, 2011) (quoting Johnson v. Thigpen, 788 So.2d 410, 412 (Fla. 1st DCA 2001)). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Liberty Mut. Ins. Co. v. Steadman, 968 So.2d 592, 594-95 (Fla. 2d DCA 2007) (citations and quotations omitted). The "court must evaluate

the conduct as objectively as is possible to determine whether it is atrocious, and utterly intolerable in a civilized community." Id. at 595 (citations and quotations omitted).

From the Court's review of the Amended Complaint, Defendants' conduct as directed at Plaintiff included filing a foreclosure lawsuit against Plaintiff in state court, as well as sending correspondence in response to Plaintiff's inquiries. Such conduct does not qualify as being outrageous and extreme beyond the bounds of decency. Robb v. Rahi Real Estate Holdings LLC, No. 10–81474–CV, 2011 WL 2149941, at *3 (S.D. Fla. May 23, 2011). Moreover, because subjective reactions are not determinative in a claim for infliction of emotional distress, Plaintiff's emotional reaction is not pertinent to this analysis. Id.; Clemente v. Horne, 707 So.2d 865, 866 (Fla. 3d DCA 1998) ("The anxiety and/or stress associated with being constructively evicted from one's residence . . . is certainly understandable. It is not, however, the type of conduct that is so outrageous in character and so extreme in degree as to go beyond the bounds of decency and be deemed utterly intolerable in a civilized community"). As such, to the extent that Plaintiff attempted to plead a claim for intentional infliction of emotional distress on his and his wife's behalf, it is **RECOMMENDED** that same be **DISMISSED**.

3.  **Whether Plaintiff is entitled to punitive damages.**

In light of the undersigned's recommendations, it is unnecessary to reach this issue. However, in the event that the District Court were to disagree with said recommendations, the undersigned will briefly address the issue of punitive damages.

Assuming Plaintiff could state a claim under the FDCPA, Defendants argued that Plaintiff would not be entitled to punitive damages. As correctly noted by Defendants, the Southern District of Florida has not addressed whether punitive damages are available under the FDCPA. However,

the Middle District of Florida has consistently held that they are not. <u>Lee v. Security Check, LLC</u>, No. 09-cv-421-J-12TEM, 2009 WL 2044687, at *2 (M.D. Fla. Jul. 10, 2009) (citations omitted).

Upon reviewing the case law on the issue, the undersigned is persuaded that the statutory damages provided by 15 U.S.C. § 1692k, in addition to actual damages, include any punitive damages to which a plaintiff might be entitled. Finding no reason to disagree with the Middle District of Florida, the undersigned finds that an award of punitive damages is not authorized under the FDCPA. Therefore, the undersigned **RECOMMENDS** that Plaintiff's claim for punitive damages be **STRICKEN**.

### Recommendation

In light of the foregoing, the undersigned hereby **RECOMMENDS** that Defendants Florida Default Law Group, P.L., and Samantha Satish's Motion to Dismiss Amended Complaint (ECF No. 36) be **GRANTED**. Plaintiff's claims under the FDCPA should be **DISMISSED** as against all Defendants and with prejudice as against Wells Fargo Bank, N.A. It is further **RECOMMENDED** that, in so far as Plaintiff attempted to state a cause of action for intentional infliction of emotional distress on his own behalf, the Amended Complaint be **DISMISSED**. Moreover, any attempt to plead a cause of action on behalf of Plaintiff's wife, who is not a party to this action, should be **DISMISSED**. Finally, it is **RECOMMENDED** that Plaintiff's claim for punitive damages be **STRICKEN**.

Pursuant to S.D. Fla. Magistrate Rule 4(b), the parties may serve and file written objections with the Honorable Joan A. Lenard, United States District Judge, within fourteen (14) days of being served with a copy of this Report and Recommendation. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. <u>Loconte v. Dugger</u>, 847

F. 2d 745 (11th Cir. 1998); <u>RTC v. Hallmark Builders, Inc.</u> 996 F. 2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, on this 18 day July 2011.

_____
WILLIAM C. TURNOFF
United States Magistrate Judge

cc: Hon. Joan A. Lenard
    Plaintiff Jay S. Michaels
    Counsel of Record